UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., | ) ) | |
| Plaintiff, | ) ) | Civ. No. 10-6018 (SRC) (MAS) |
| v. | ) ) | Hon. Stanley R. Chesler, U.S.D.J. |
| MYLAN INC., MYLAN PHARMACEUTICALS INC. and FAMY CARE LTD. | ) ) ) ) | Hon. Michael A. Shipp, U.S.M.J. **JOINT DISCOVERY PLAN** |
| Defendants. | ) | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   **For plaintiff Ortho-McNeil-Janssen Pharmaceuticals, Inc.**:

   George F. Pappas, Jeffrey B. Elikan, Eric R. Sonnenschein, Benjamin C. Block, Kimberly A. Gould, Covington & Burling LLP, 1201 Pennsylvania Avenue, N.W., Washington, D.C. 20004, Tel 202.662.6000, Fax 202.778.6000.

   Nathan Shafroth, Covington & Burling LLP, One Front Street, San Francisco, California, 94111, Tel 415.591.6000, Fax 415.591.6091.

   John E. Flaherty and Cynthia S. Betz, McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, New Jersey, 07102, Tel 973.622.4444, Fax 973.624.7070.

   **For defendants Mylan Inc., Mylan Pharmaceuticals Inc. and Famy Care Ltd.**:

   Timothy H. Kratz, Robert L. Florence, Angela M. Spivey, George J. Barry III, Thomas H. Ehrich, Tara C. Stuart, McGuireWoods LLP, 1170 Peachtree Street N.E., Suite 2100, Atlanta, Georgia 30309. Telephone: 404.443.5500. Facsimile: 404.443.5599.

   Arnold B. Calmann, Geri L. Albin, Saiber LLC, One Gateway Center, 10th Floor, Suite 1000, Newark, New Jersey 07102. Telephone: 973.622.3333. Facsimile: 973.286.2465.

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

    Plaintiff Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("Plaintiff" or "Ortho") has sued Mylan Inc., Mylan Pharmaceuticals Inc. and Famy Care Ltd. (collectively, "Defendants") for patent infringement of U.S. Patent No. 6,214,815 ("the '815 patent"), based on Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 20-2132, which seeks FDA approval to make and sell a generic version of Plaintiff's combination oral contraceptive ORTHO TRI-CYCLEN® LO.

    Defendants denied infringement and asserted as affirmative defenses that the '815 patent is invalid, that Famy Care's ANDA No. 20-2132 does not infringe any valid claim of the '815 patent, that Plaintiff is estopped from maintaining its infringement action and that Plaintiff has failed to state a claim upon which relief could be granted.  Defendants also asserted a counterclaim seeking a declaratory judgment that the '815 patent is invalid.

3. Has this action been:  Settled: _____No_____   Discontinued: _____No_____

   If so, has there been a Stipulation/Dismissal filed?   N/A

   Yes _____   No _____

4. Have settlement discussions taken place?  Yes _____   No _____   No _____

   If so, when?

   _____N/A_____

   (a) What was plaintiff's last demand?  N/A

       (1) Monetary demand:  $ _____
       (2) Non-monetary demand:  _____

   (b) What was defendant's last offer?  N/A

       (1) Monetary offer:  $ _____
       (2) Non-monetary offer:  _____

5. The parties [have __X__ have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

   _____The parties exchanged Initial Disclosures on April 19, 2011._____

   _____

   _____

2

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

    N/A

7. The parties [have ____ have not _X_] conducted discovery other than the above disclosures. If so, describe.

8. The parties [have _X_ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

    (a) If not, state the reason therefor.

    N/A

    (b) If so, state the date of the meeting and the persons in attendance.

    April 14, 2011.

    For plaintiff: Eric R. Sonnenschein and Kimberly A. Gould of Covington & Burling LLP.

    For defendants: Robert L. Florence and George J. Barry III of McGuireWoodsLLP.

9. The following [is _____ is not _X_] a proposed joint discovery plan.

    (a) Discovery is needed on the following subjects:

    Plaintiff and Defendants agree that fact discovery and expert discovery is needed on whether (1) the '815 patent is invalid; and (2) the '815 patent is infringed by the filing of Famy Care's ANDA No. 20-2132.

    **Defendants' position regarding discovery relevant to inequitable conduct:**

Defendants will also need discovery relevant to the issue of enforceability of the '815 patent due to inequitable conduct. Plaintiff apparently does not agree and prematurely contends in this proposed joint discovery plan that Defendants are not entitled to such discovery because they have not yet pled inequitable conduct. Defendants do not believe this dispute is ripe for resolution. In any event, Plaintiff's position ignores or overlooks some very obvious factors supporting Defendants' position. *First*, information that would implicate inequitable conduct is not likely to be public and is more likely to be found in well-guarded documents that Plaintiff is not likely to turn over without a request at the very least, *see Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 373 (D. Del. 2009) (noting that evidence of inequitable conduct was controlled by the party accused of engaging in wrongful behavior). *Second*, inequitable conduct, like fraud, must be pled with particularity, and Defendants cannot be expected to have sufficient information to plead inequitable conduct prior to engaging in discovery, *see*, *e.g.*, *Eisai Co. v. Teva Pharms. U.S.A., Inc.*, 629 F. Supp. 2d 416, 425-30 (D.N.J. 2009). And, *third*, Plaintiff itself requests that the parties be permitted to seek leave of Court to amend their pleadings to add claims or parties until September 1, 2011. Plaintiffs should not be permitted to utilize the heightened pleading requirements as both a sword and a shield, and Defendants should not be precluded from engaging in the full scope of discovery simply because they may seek information relevant to a defense and/or claim of inequitable conduct. Notably, notwithstanding Plaintiff's position, Plaintiff appears to acknowledge that information it will produce from the other cases would relate to a defense or claim of inequitable conduct.

**Plaintiff's position regarding discovery relevant to inequitable conduct:**

Neither Mylan nor Famy Care have pled inequitable conduct as an affirmative defense in this case. Accordingly, they are not entitled to discovery on that topic. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."); *id.* advisory comm. note ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the *pleadings,* and signals to the parties that they have *no entitlement* to discovery to develop new claims or defenses that are not already identified in the pleadings.") (emphasis added); *see also Eurand, Inc. v. Mylan Pharms., Inc.*, 266 F.R.D. 79, 84 (D. Del. 2010) (noting that Mylan was requesting discovery on subject matter that it failed to plead as a basis for its inequitable conduct claim and explaining that "[i]t is improper to use discovery in search of a factual predicate required to be pled in the first instance"). In the absence of pleading an affirmative defense of inequitable conduct – which must be pled in the first instance with particularity – neither Mylan nor Famy Care are entitled to discovery regarding inequitable conduct.

Moreover, any discovery regarding inequitable conduct would be cumulative of the discovery that Ortho has already agreed to provide to Defendants in due

4

course.  As Ortho explains more fully below, this is the fifth case before this Court that involves the '815 patent and ORTHO TRI-CYCLEN® LO, the oral contraceptive covered by the '815 patent.  During the course of the prior cases, Ortho produced substantial discovery, including the file history for the '815 patent and documents relating to the prosecution of the patent.  In addition, the named inventor of the '815 patent and the attorney responsible for prosecuting the '815 patent were both deposed twice.  Ortho has agreed to provide Defendants with these documents and deposition testimony, among other things.  Thus, while Defendants have not pled inequitable conduct and are not entitled to discovery on that subject, they will receive deposition testimony and documentary evidence that would relate to a potential claim of inequitable conduct.  Any additional discovery would be cumulative of that Ortho has already agreed to provide.

(b)   Discovery [should ___X___ should not _____] be conducted in phases or be limited to particular issues.  Explain.

See the parties' comments below.

(c)   Maximum of 25 Interrogatories by each side to each other side.

See the parties' comments below.

(d)   Maximum of 10 fact depositions to be taken by each side, not to include depositions of expert witnesses or third parties that may be needed.

See the parties' comments below.

(e)   A table with proposed case deadlines is attached hereto as Appendix A.  Please note that the parties propose a slight modification to the deadlines for serving asserted claims and infringement and non-infringement contentions set forth in the District of New Jersey Local Patent Rules.

(f)   Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

The parties will negotiate the terms of a discovery confidentiality order and will submit disputes regarding same in accordance with the schedule set forth in Appendix A.  The parties will also meet and confer regarding the production of electronically stored information.

(g)   A pretrial conference may take place on December 3, 2012.

(h)   Trial date:  TO BE DETERMINED BY THE COURT AT A LATER TIME.

5

**Plaintiff's Proposal for Items b-d, and Comments**

This is the fifth case before this Court that involves the '815 patent and ORTHO TRI-CYCLEN® LO, the oral contraceptive covered by the '815 patent. The Court should consider this fact when determining the appropriate amount of fact discovery permitted in this case.

In the first case, Ortho sued Barr Laboratories, Inc. for infringement of the '815 patent in 2003 after Barr sought approval to make a generic version of the ORTHO TRI-CYCLEN® LO product. *Ortho-McNeil Pharmaceutical, Inc. v. Barr Laboratories, Inc.*, Civ. Action No. 03-4678 (SRC) (MAS) ("the Barr case"). After proceeding through all pre-trial stages, including fact and expert discovery, summary judgment, and pre-trial motions, Ortho and Barr settled the case in 2009 after the case had been adjourned on the morning of trial.

During the course of the Barr case, Ortho produced hundreds of thousands of pages of documents relating to its product, ORTHO TRI-CYCLEN® LO (including its development, clinical trials on the product, sales and marketing of the product, and unexpected results), as well as numerous documents relating to the '815 patent (including its prosecution). In addition to documentary discovery, Ortho responded to eighteen (18) interrogatories propounded by Barr, and produced for deposition ten Ortho fact witnesses.

In the second round of cases, Ortho sued Watson Laboratories, Inc., Sandoz Inc., Lupin Ltd., and Lupin Pharmaceuticals Inc. for infringement of the '815 patent after all those companies sought approval to make and sell a generic version of ORTHO TRI-CYCLEN® LO. Those three suits were eventually consolidated into one action: *Ortho-McNeil-Janssen Pharmaceuticals, Inc. et al. v. Watson Laboratories, Inc. et al.*, Civ. Action No. 08-5103 (SRC) (MAS) ("the Watson case"), and that consolidated case is currently pending before this Court. The Court granted partial summary judgment to Ortho in January 2011, and a number of issues remain to be tried on a date not yet determined.

In the Watson case, Ortho responded to eleven (11) interrogatories propounded by Watson, and nineteen (19) interrogatories propounded by Sandoz – all in addition to what had already been given to Barr. Ortho also responded to eighty-nine (89) requests for admission propounded by Sandoz, and produced for a second time four fact witnesses in the Watson case. One additional fact witness also was deposed in the Watson case. Ortho also produced three witnesses to testify on thirteen (13) topics in response to the defendants' request for a 30(b)(6) deposition in the Watson case. In total, eleven (11) Ortho fact witnesses have now been deposed on issues relating to the '815 patent, with certain key witnesses being deposed twice. Recognizing that the Watson case involved the same patent, the same product, and most of the same substantive issues as the Barr case, the Court limited the number of hours that the defendants had with one of the witnesses who

had been deposed in the Barr case, and cautioned the defendants against covering issues that had already been addressed in that witness' deposition in the Barr case.

This is now the fifth case involving the '815 patent and ORTHO TRI-CYCLEN® LO. As in the prior cases, Defendants Mylan and Famy Care are seeking approval to make and sell a generic version of ORTHO TRI-CYCLEN® LO. In their Paragraph IV notice letter, Defendants raised no invalidity defenses that had not been previously raised by the defendants in the prior suits. Given that defendants in this case have raised the same defenses that the defendants in the Barr and Watson cases raised, extensive fact discovery from Plaintiff is inappropriate.

Ortho proposes that the fact discovery it produces in this case be limited to producing to Mylan and Famy Care all of the prior discovery it gave in the earlier '815 patent cases (including documents, deposition testimony, and responses to interrogatories and requests for admission). Ortho is willing to agree that such prior discovery is admissible in the trial of this lawsuit to the same extent that it would be admissible in the lawsuits in which the discovery and testimony had been obtained originally. Such extensive discovery should eliminate the need for additional discovery from Ortho, and Ortho submits that any additional discovery would be duplicative and unduly burdensome. Ortho reserves the right to oppose any additional discovery to Mylan and Famy Care.

Defendants have requested that Ortho provide Defendants an index describing in detail the categories of information Ortho has provided in the other lawsuits, including in the form of written responses to interrogatories pursuant to FRCP 33 and documents and things produced pursuant to FRCP 34. It now appears that Defendants have withdrawn their request. However, to the extent they have not withdrawn their request for Ortho to provide an index, Ortho opposes the request. Ortho is not obligated to provide to Defendants an index describing the categories of information that it has provided in the other lawsuits. Consistent with its obligations under the Federal Rules of Civil Procedure, Ortho will produce documents as they were kept in the ordinary course of business and/or the form in which they were provided in the prior case. It is the Defendants' burden – not Ortho's – to categorize and index the materials they receive from Ortho.

Because Mylan and Famy Care have not been involved in the prior suits, Ortho may seek from Defendants documentary and deposition testimony relating to certain issues, including, *inter alia*, infringement, the development of Defendants' proposed generic product, Defendants' knowledge regarding oral contraceptives and the oral contraceptive market, and other information relating to objective indicia of nonobviousness.

**Defendants' Response to Plaintiff's Proposal for Items b-d and Comments**

Again, Defendants believe that Plaintiff raises this issue prematurely. Disagreements concerning the proper scope of discovery are not yet ripe for resolution.

Plaintiff's insistence on asserting its position now is puzzling given the progress the parties have made toward streamlining discovery. Upon Defendants' proposal, at the Rule 26(f) meet and confer, Plaintiff agreed to produce all discovery from the other lawsuits early in the case to provide Defendants the opportunity to determine whether additional discovery would be needed to prepare their cases. Plaintiff agreed to produce the discovery with OCR text data that would render the documents text searchable, with the exception of a small subset of media materials that do not contain text and that Plaintiff agreed to produce in native format. Plaintiff further agreed to identify its responses to written discovery requests, expert reports and transcripts of depositions of its fact and expert witnesses within the production.

Defendants are hopeful that this early production will greatly reduce, if not eliminate, the need for further discovery from Plaintiffs. But, they are unwilling to adopt Plaintiff's unsupported assumption that in fact will be the case. There is no basis for the Plaintiff's determination that *this* case will be identical to the others. In any event, Plaintiff's position that Defendants should be limited to the discovery obtained by parties to *other* lawsuits—parties that Defendants *do not control*—is untenable. At the very least, precluding Defendants from conducting discovery necessary to their case would improperly deprive Defendants of their choice of counsel. *Cf. Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 185 (D. Del. 2010) (holding that the plaintiff's "strong interest in choosing its own counsel—particularly in the complex and technical realm of patent litigation" outweighed the asserted risk of "competitive misuse of defendants' confidential information" in reexamination proceedings).

The Court obviously has broad discretion in managing the conduct of discovery. It is far too early, however, for the Court to ascertain the proper scope of discovery in this case, and Defendants respectfully request that the Court reserve this issue for a later time, when necessary to address a motion for protective order or motion to compel.

10. Do you anticipate any discovery problem(s)?  Yes \_\_\_\_\_X\_\_\_\_  No _____

If so, explain.

**Defendants' Position:** Plaintiff seeks to prevent Defendants from conducting discovery generally and with respect to inequitable conduct. Defendants believe this is improper for the reasons set forth above.

  **Plaintiff's Position:** For the reasons stated above, Plaintiff does not believe its position on discovery is improper or unreasonable.  Plaintiff is not seeking to prevent Defendants from obtaining discovery.  To the contrary, Plaintiff is proposing that it provide Defendants with a considerable amount of discovery – including hundreds of thousands of pages of documents, numerous responses to interrogatories and requests for admission, and several deposition transcripts – and that such prior discovery be admissible in the trial of this lawsuit to the same extent that it would be admissible in the lawsuits in which the discovery and testimony had been obtained originally.  As stated above, Defendants are not entitled to any discovery regarding inequitable conduct because they had not pled it as an affirmative defense in this case.  In any event, the discovery that they will receive – including the depositions of the named inventor and prosecuting attorney, and documents regarding the prosecution of the '815 patent – would relate to a potential claim of inequitable conduct.

11. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?  Yes ___X____ No.

    If so, please explain.

    <u>Famy Care Ltd. is a small, Indian limited company with limited resources.  Its need to limit the absence of its internal witnesses as much as possible may necessitate holding depositions outside the United States at a mutually agreeable alternative location</u>.  <u>Alternatively, by mutual agreement, Famy Care may be able to make arrangements for video or telephone depositions.  The parties will continue to discuss the necessary arrangements with the hope of reaching a resolution without judicial intervention and believe it is premature for the Court to rule on the matter now.</u>

    <u>It is also possible that translators are necessary to conduct depositions of persons who either do not speak English or for whom English is a second language.  Where translators are required, the parties would like each hour of deposition time to count as one half hour.</u>

12. State whether this case is appropriate for voluntary arbitration (pursuant to <u>Local Civil Rule</u> 201.1 or otherwise), mediation (pursuant to <u>Local Civil Rule</u> 301.1 or otherwise),

appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motion, etc.).

Not at this time.

_____

13. Is this case appropriate for bifurcation? _____ No ___X___

14. An interim status settlement conference (with clients in attendance), should be held in December 2011.

15. We [do _____ do not ___X___] consent to the trial being conducted by a Magistrate Judge.

/s/ John E. Flaherty
John E. Flaherty
Cynthia S. Betz
MCCARTER & ENGLISH, LLP

George F. Pappas
Jeffrey B. Elikan
Eric R. Sonnenschein
Benjamin Block
Kimberly Gould
COVINGTON & BURLING LLP

*Attorneys for Plaintiff*

/s/ Arnold B. Calmann
Arnold B. Calmann
Geri L. Albin
SAIBER LLC

Timothy H. Kratz
Robert L. Florence
Angela M. Spivey
George J. Barry III
Thomas H. Ehrich
Tara C. Stuart
MCGUIRE WOODS LLP

*Attorneys for Defendants*

April 19, 2011
10

## EXHIBIT A: CASE SCHEDULE

*Ortho-McNeil-Janssen Pharmaceuticals, Inc. v. Mylan Inc. et al.*

| Task | Defendants' Proposed Date | Plaintiff's Proposed Date |
|---|---|---|
| Parties to meet and confer pursuant to Fed. R. Civ. P. 26(f) | Completed | Completed |
| Parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | Completed | Completed |
| Parties to submit joint discovery plan | Completed | Completed |
| Defendants to Serve Bates labeled copy of ANDA 20-2132 (Defendants provided a copy of the ANDA prior to the filing of the lawsuit) | April 19, 2011 | April 19, 2011 |
| Rule 16(b) Scheduling Conference before Magistrate Judge | April 26, 2011 | April 26, 2011 |
| Plaintiff to serve on Defendants a "Disclosure of Asserted Claims" that lists each claim of each patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted, pursuant to L. Pat. R. 3.6(b). | May 10, 2011 | May 10, 2011 |
| Defendants to provide Plaintiff with the written basis for their "Invalidity Contentions" along with any disclosures under L. Pat. R. 3.3 and documents under L. Pat. R. 3.4. (L. Pat. R. 3.6(b).) Defendants to provide Plaintiff with their "Non-Infringement Contentions," including a claim chart and any documents relied upon. (L. Pat. R. 3.6(d)-(e).) | May 24, 2011 | May 24, 2011 |

| Task | Defendants' Proposed Date | Plaintiff's Proposed Date |
|---|---|---|
| Parties to present a consent discovery confidentiality order, supported by sufficient certification, or apply for entry of a discovery confidentiality order, supported by sufficient certification, pursuant to L. Pat. R. 2.2 | May 31, 2011 | May 31, 2011 |
| Plaintiff to serve on Defendants (a) all of Plaintiff's responses to written discovery requests in the other cases; (b) all prior art that has been asserted against the '815 patent in the other lawsuits to date (to the extent copies were provided to Ortho by the defendants in the other lawsuits or the prior art is otherwise within Ortho's possession, custody or control); (c) all expert discovery (including expert reports and deposition transcripts); and (d) all transcripts of all depositions of plaintiff's fact witnesses from the other lawsuits. | June 1, 2011<br><br>In accordance with Local Patent Rule 2.2 discovery cannot be delayed on the basis of confidentiality. Defendants anticipate that the parties will stipulate to a discovery confidentiality order prior to June 1, 2011. Their inability to do so, however, should not delay discovery. | June 1, 2011<br><br>(after the parties execute an acceptable confidentiality agreement) |
| Plaintiff to produce discovery from other lawsuits. | July 1, 2011 | July 1, 2011 |
| Plaintiff to provide Defendants with "Disclosure of Infringement Contentions" with disclosures required by L. Pat. R. 3.1 | July 8, 2011<br><br>Defendant contends that, if Defendants serve Invalidity contentions, Plaintiff also serve its "Responses to Invalidity Contentions" on or before July 8, 2011. The amended | July 8, 2011<br><br>Plaintiff contends that the amended local patent rules do not apply to this case, which was pending before the amended rules took effect in March 2011. Accordingly, the |

12

| Task | Defendants' Proposed Date | Plaintiff's Proposed Date |
|---|---|---|
| | Local Patent Rules were adopted March 18, 2011, and are currently in effect.  In accordance with the schedule Plaintiff offers no legal support for its position that the old rules should govern this case. Applying the old rules would cause unnecessary confusion, and Plaintiff will not be prejudiced by the application of rules currently in force. | amended rule requiring service of Responses to Invalidity Contentions does not apply. |
| Parties to exchange lists of claim terms the parties contend should be construed by the Court | July 22, 2011 | July 22, 2011 |
| Amendment of pleadings to add claims or parties without leave of court except as to a claim or defense of inequitable conduct. | August 2, 2011 | Not Necessary<br><br>Plaintiff proposes one date (Sept. 1, 2011) for the amendment of pleadings to add claims or parties, and that such amendment be made only with leave of Court.  There is no need for a separate deadline relating to claims and/or defenses of inequitable conduct. |
| Motions for leave to amend pleadings to add claims or parties (Defendants: except for a claim or defense of inequitable conduct) | October 4, 2011<br><br>Defendants propose that this deadline apply to the amendment of pleadings to add claims or parties, *except for* <u>inequitable conduct</u>. | September 1, 2011<br><br>Plaintiff proposes one deadline for the amendment of pleadings to add *any* claims or parties, and that such amendment |

13

| Task | Defendants' Proposed Date | Plaintiff's Proposed Date |
|---|---|---|
| | | be made only with leave of Court. |
| Parties to exchange proposed constructions of claim terms the parties contend should be construed by the Court, identification of intrinsic evidence, designation of extrinsic evidence and *Markman* expert witness disclosures pursuant to L. Pat. R. 4.1(b) | August 12, 2011 | August 12, 2011 |
| Parties to identify evidence to be used to oppose constructions proposed by other parties pursuant to L. Pat. R. 4.1(c). | August 26, 2011 | August 26, 2011 |
| Parties to meet and confer to narrow the issues for claim construction. | September 1, 2011 | September 1, 2011 |
| Parties to submit joint claim construction and prehearing statement. | September 12, 2011 | September 12, 2011 |
| Amend pleadings to add claim and/or defense of inequitable conduct without leave of court | October 4, 2011 | Not Necessary<br><br>See above: Plaintiff proposes one date (Sept. 1, 2011) for the amendment of pleadings to add claims or parties, and that such amendment be made only with leave of Court. There is no need for a separate deadline relating to claims and/or defenses of inequitable conduct. |
| Parties to complete claim | October 12, 2011 | October 12, 2011 |

14

| Task | Defendants' Proposed Date | Plaintiff's Proposed Date |
|---|---|---|
| construction discovery. | | |
| Opening claim construction briefs due, including expert certifications or declarations. | October 27, 2011 | October 27, 2011 |
| Motion for leave to amend pleadings to add claim and/or defense of inequitable conduct. | November 11, 2011 | Not Necessary.<br><br>See above: Plaintiff proposes one date (Sept. 1, 2011) for the amendment of pleadings to add claims or parties, and that such amendment be made only with leave of Court.  There is no need for a separate deadline relating to claims and/or defenses of inequitable conduct. |
| Expert *Markman* discovery to be complete | November 30, 2011 | November 30, 2011 |
| Responsive claim construction briefs due. | December 16, 2011 | December 16, 2011 |
| Parties to propose date for *Markman* hearing | December 22, 2011 | December 22, 2011 |
| Close of fact discovery | January 31, 2012 | December 31, 2011 |
| Opening expert reports | March 16, 2012 (or 30 days from claim construction order if issued after February 1, 2012) | March 16, 2012 (or 30 days from claim construction order if issued after February 1, 2012) |
| Responsive expert reports | April 30, 2012 (or 45 days from the date of opening expert reports) | April 30, 2012 (or 45 days from the date of opening expert reports) |
| Reply expert reports | June 1, 2012 | June 1, 2012 |

15

| Task | Defendants' Proposed Date | Plaintiff's Proposed Date |
|---|---|---|
| Close of expert discovery | July 13, 2012 | July 13, 2012 |
| Dispositive motions due | August 29, 2012 | August 29, 2012 |
| Pretrial conference | December 3, 2012 | December 3, 2012 |
| Trial | To be determined by the Court at a later time | To be determined by the Court at a later time |